# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Doctors for America, *et al.*,

Plaintiffs,

v.                                                   Case No. 1:25-cv-00322-JDB

Office of Personnel Management, *et al.*,

Defendants.

## JOINT STATUS REPORT

Pursuant to the Court's order of February 14, 2025, the parties submit this joint status report.

**1.** On February 11, 2025, this Court entered a Temporary Restraining Order, ECF 11, requiring Defendants to "by not later than 11:59 pm on February 11, 2025, restore to their versions as of January 30, 2025, each webpage and dataset identified by Plaintiff on pages 6–12 of its Memorandum of Law in Support of the Motion for a Restraining Order" and "in consultation with Plaintiff [Doctors for America (DFA)], identify any other resources that DFA members rely on to provide medical care and that defendants removed or substantially modified on or after January 29, 2025, without adequate notice or reasoned explanation; and defendants shall, by February 14, 2025, restore those resources to their versions as of January 30, 2025."

**2.** In compliance with paragraph 2 of the Temporary Restraining Order, Defendants have restored the "resources" identified by DFA as of February 14, 2025.

**3.** On February 18, 2025, Plaintiffs filed a First Amended Complaint, ECF No. 20, adding the City and County of San Francisco as an additional plaintiff and alleging three causes of action under the Administrative Procedure Act (APA) against the Office of

Personnel Management, the Department of Health and Human Services, and nine agency components of HHS.

**4.** The Temporary Restraining Order will expire on February 25, 2025. *See* Fed. R. Civ. P. 65(b).

**5.** The parties have conferred about a schedule for additional proceedings in this case but have not been able to agree. They offer their respective positions below.

**6.** Should it be helpful to the Court, the parties are both available for a telephonic scheduling conference on Monday, February 24, 2025, from 11:00 a.m. to 3:00 p.m.

**Plaintiffs' Position on Future Proceedings**

Plaintiffs have alleged both that the removal of a specific list of webpages is unlawful, and that the policy underlying the removals is unlawful and should be set aside.

To allow time for further briefing and decision, Plaintiffs request that the Court extend the Temporary Restraining Order until resolution of a preliminary injunction or dispositive motions, or, in the alternative, that the Court convert its Temporary Restraining Order into a preliminary injunction.

In addition, because the relief granted by the Temporary Restraining Order does not reach every removed resource at issue, and an order declaring Defendants' policies unlawful will provide relief beyond that granted by the Temporary Restraining Order, Plaintiffs seek to proceed with the case on an expedited basis. Plaintiffs propose that the Court enter the following schedule:

- Defendants produce the administrative record by Friday, February 28, 2025;
- Plaintiffs file a joint motion for preliminary injunction and summary judgment by Friday, March 7, 2025;
- Defendants file a response by Friday, March 14, 2025;
- Plaintiffs file a reply by Friday, March 21, 2025.

Plaintiffs have reviewed Defendants' proposal and oppose it. That proposal asks the Court to delay further proceedings in this case while Defendants consider whether they agree with a subset of Plaintiffs' claims and whether to maintain—or again remove—the subset of pages restored as directed by the Temporary Restraining Order. Defendants' proposal thus would not meaningfully advance this case toward resolution.

**Defendants' Position**

In Counts II and III of the First Amended Complaint, Plaintiffs contend that the removal of certain public websites on or about January 31, 2025, was not in accordance with the Paperwork Reduction Act, the Information Quality Act, or Title III of the Foundations of Evidence-Based Policymaking Act of 2018. *See* ECF No. 20, at ¶¶ 1, 19-32, 66-74.

Defendants have begun a review to determine the applicability of the Paperwork Reduction Act, the Information Quality Act, and Title III of the Foundations of Evidence-Based Policymaking Act of 2018 for each website and dataset subject to paragraphs 1 and 2 of the Temporary Restraining Order, as well as the additional websites specifically identified in the First Amended Complaint. *See* ECF No. 20, at ¶¶ 37-44. To the extent Defendants determine that the Paperwork Reduction Act, the Information Quality Act, or Title III of the Foundations of Evidence-Based Policymaking Act of 2018 applies to a particular website, Defendants will take the steps necessary to comply therewith when implementing Executive Order 14168, 90 Fed. Reg. 8615 (Jan. 20, 2025).

After the Temporary Restraining Order expires on February 25, 2025, Defendants will maintain, in its current state, any website and dataset subject to paragraphs 1 and 2 of the Temporary Restraining Order, as well as any additional websites specifically identified in paragraphs 37-44 of the First Amended Complaint, pending Defendants'

review of that particular website or dataset. Defendants will review each website and dataset on a rolling basis. Once a website or dataset has been reviewed, Defendants will promptly take the necessary measures to comply with the Paperwork Reduction Act, the Information Quality Act, or Title III of the Foundations of Evidence-Based Policymaking Act of 2018, if Defendants determine such statutes apply to a particular website or dataset, while implementing Executive Order 14168. Defendants will implement these measures and Executive Order 14168, including by modifying or removing a website or dataset as may be necessary, on a rolling basis.

Defendants will file a status report on or before March 21, 2025, addressing the progress of their review. That date is still well before Defendants' response to the First Amended Complaint is due on April 8, 2025.

This voluntary review process "will allow [Defendants] to cure [any] mistakes and will avoid wasting the Court's and the parties' resources reviewing a record that" is "incomplete." *Vanda Pharms., Inc. v. FDA*, No. CV 19-301 (JDB), 2019 WL 1198703, at *2 (D.D.C. Mar. 14, 2019). Furthermore, it obviates any need for the rushed summary judgment briefing that Plaintiffs propose.

February 21, 2025

/s/ Zachary R. Shelley (with permission)
Zachary R. Shelley (DC Bar No. 90021549)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
zshelley@citizen.org

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ James W. Harlow
JAMES W. HARLOW
Senior Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
(202) 514-6786
(202) 514-8742 (fax)
james.w.harlow@usdoj.gov

*Counsel for Defendants*