UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOCTORS FOR AMERICA et al.,<br><br>    Plaintiffs,<br><br>    v.<br>OFFICE OF PERSONNEL<br>MANAGEMENT et al.,<br><br>    Defendants. | Civil Action No. 25-322 (JDB) |

## ORDER

The Court has reviewed [23] the parties' joint status report concerning scheduling. In brief, plaintiffs request that the Court either extend the temporary restraining order ("TRO") set to expire on February 25, 2025, or convert it into a preliminary injunction while the parties brief motions for a preliminary injunction and/or summary judgment on an expedited basis.

Defendants request that they begin a rolling review of the webpages and datasets covered by paragraphs one and two of the Court's TRO [ECF No. 11] and the additional webpages and datasets specifically identified in paragraphs 37–44 of the plaintiffs' first amended complaint (collectively, "relevant webpages"), for conformity with Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government. See Joint Status Report at 3–4; Exec. Order No. 14,168, 90 Fed. Reg. 8615 (Jan. 20, 2025). The defendants propose providing a status report on these efforts by not later than March 21, 2025. As explained below, the Court will strike a balance between the parties' proposed courses of action.

To seek the extension of a TRO or its conversion to a preliminary injunction, plaintiffs must once again meet the "well-established" four-part test of demonstrating "(1) a substantial

1

likelihood of success on the merits; (2) that the moving party would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction." Aviles-Wynkoop v. Neal, 978 F. Supp 2d 15, 21 (D.D.C. 2013).

The Court previously found a substantial likelihood of irreparable harm from the defendants' removal without notice of certain webpages on which plaintiffs rely to provide healthcare treatment. See Mem. Op. [ECF No. 12] at 16–19. On this record, however, plaintiffs have not demonstrated that the same irreparable harm persists or is substantially likely to occur under the defendants' proposed course of action. First, plaintiffs have identified the relevant webpages and thus have notice of which webpages or datasets the government may modify or remove. Second, the defendants represent that after the expiration of the TRO, they "will maintain, in its current state," each relevant webpage as it exists under the TRO. Joint Status Report at 4. Then, if the defendants determine that a webpage requires modification or removal pursuant to Executive Order 14168, they will abide by the obligations that they assess apply under the statutes cited by plaintiffs: the Paperwork Reduction Act ("PRA"), the Information Quality Act ("IQA"), and Title III of the Foundations of Evidence-Based Policymaking Act of 2018 ("EBP Act").

Plaintiffs have not demonstrated that, while the webpages are maintained and undergo this review process, plaintiffs are suffering or will suffer harm that is "both certain and great," "actual . . . not theoretical," and "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." Wis. Gas Co. v. Fed. Energy Regul. Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985) (cleaned up).[1] Instead, the Court concludes that, on the basis of

---

[1] In their first amended complaint, plaintiffs indicate that the defendants' modifications to, removals of (even with notice), or failures to update time-sensitive webpages or datasets also cause injury. See, e.g., First Am. Compl. [ECF No. 20] at ¶¶ 53, 59–60. That, of course, was not the basis for the TRO previously issued. If plaintiffs assess

the defendants' representations that they will maintain the relevant webpages after the expiration of the TRO and will only modify or remove relevant webpages in accordance with applicable laws, the irreparable harm that justified the Court's first TRO is no longer present.

Although the Court concludes that further "extraordinary" relief is not warranted at this stage, see Aviles-Wynkoop, 978 F. Supp 2d at 21 (quoting Munaf v. Geren, 553 U.S. 674, 689 (2008)), however, the defendants' review of the relevant webpages does not preclude plaintiffs from taking their desired next step of filing a joint motion for a preliminary injunction and summary judgment.

For these reasons, it is hereby

**ORDERED** that defendants shall file a status report by not later than March 21, 2025, which explains (1) defendants' progress reviewing the relevant webpages for compliance with Executive Order 14168; (2) any modification to or removal of a relevant webpage; (3) whether defendants have determined the PRA, IQA, or EBP Act apply to a modified or removed relevant webpage; and, (4) if so, the steps defendants have taken to comply with the acts.

It is further **ORDERED** that as to the motion for preliminary injunction and summary judgment,

- Defendants shall produce the administrative record by not later than Monday, March 1, 2025;
- Plaintiffs shall file any joint motion for preliminary injunction and summary judgment by not later than Friday, March 7, 2025;
- Defendants shall file any response, including their own dispositive motion, by not later than Friday, March 14, 2025;

---

that another basis for irreparable harm exists or arises during this action, plaintiffs may bring the issue to the Court's attention on an expedited basis.

- Plaintiffs shall file any reply and/or response to defendants' motion by not later than Friday, March 21, 2025; and

- Defendants shall file any reply to their own motion, if any, by not later than Friday, March 28, 2025.

/s/
JOHN D. BATES
United States District Judge

Dated: February 24, 2025