UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Doctors for America, *et al.*,<br><br>                          Plaintiffs,<br><br>v.<br><br>Office of Personnel Management, *et al.*,<br><br>                          Defendants. | Case No. 1:25-cv-00322-JDB |

**Status Report**

Pursuant to the commitment made in their April 18 Status Report, ECF No. 53, Defendants submit this further status report regarding their "progress reviewing the relevant webpages for compliance with Executive Order 14168," "any modification to or removal of a relevant webpage," and the applicability of the Paperwork Reduction Act, Information Quality Act, and Evidence-Based Policymaking Act "to a modified or removed relevant webpage," *see* February 24 Order, ECF No. 26 (directing filing of March 21 Status Report and defining "relevant webpage").[1]

Defendants had voluntarily maintained the relevant webpages following the expiration of this Court's temporary restraining order while they undertook an individualized review of each relevant webpage. Defendants have now completed that review. Based on the results, and following the submission of this Status Report,

---

[1] The relevant webpages are those webpages and datasets identified on pages 6-12 of Plaintiff's brief in support of a temporary restraining order, ECF No. 6-1; specifically identified in paragraphs 37-44 of Plaintiffs' Amended Complaint, ECF No. 20; and identified by Plaintiff pursuant to paragraph 2 of the Temporary Restraining Order, ECF No. 11.

Defendants will modify or remove the relevant websites as necessary to comply with EO 14168.[2] These processes are summarized below.

## I. Individualized Review of Relevant Webpages

For each relevant webpage, Defendants considered the following:

***Compliance with EO 14168.*** Defendants assessed whether each relevant webpage must be modified or removed to comply with EO 14168's directives, including that agencies "remove all statements, policies . . . communications, or other . . . external messages that promote or otherwise inculcate gender ideology." EO 14168 § 3(e).

***Status as "Significant Information Dissemination Product."*** Under the Paperwork Reduction Act (PRA), agencies must "provide adequate notice when initiating, substantially modifying, or terminating significant information dissemination products." 44 U.S.C. § 3506(d)(3). Defendants assessed whether each relevant webpage is a significant information dissemination product.

In making that assessment, Defendants considered past guidance from the Office of Management and Budget (OMB). *See* 61 Fed. Reg. 6428, 6448 (Feb. 20, 1996). That guidance gave "[e]xamples of significant products," including those that "(a) [a]re required by law; (b) [i]nvolve expenditure of substantial funds; (c) [b]y reason of the nature of the information, are matters of continuing public interest; *e.g.*, a key economic indicator; [or] (d) by reason of the time value of the information, command public interest; *e.g.*, monthly crop reports on the day of their release." *Id.* Although the guidance noted that agencies "should consider" whether members of the public view "an existing agency product [as] important and necessary . . . before deciding to terminate the product," it emphasized that "[i]n all cases . . . determination of what is a

---

[2] Defendants will also take any necessary action to bring each relevant webpage into compliance with EO 14151.

significant information dissemination product and what constitutes adequate notice are matters of agency judgment." *Id.*

*Information Quality Act.* The Information Quality Act (IQA), Pub. L. 106-554, § 515, 114 Stat. 2763A-153 to -154 (2000), requires agencies to adopt "guidelines ensuring and maximizing the quality, objectivity, utility, and integrity of information . . . disseminated by the agency, and to "establish administrative mechanisms allowing affected persons to seek and obtain correction of information maintained and disseminated by the agency." *Id.* § 115(b)(2)(A)-(B). HHS has issued guidelines in accordance with this requirement. Plaintiffs have not pursued the administrative correction remedy available under those guidelines, which are not judicially enforceable. *See, e.g.*, *Muslim Advocs. v. U.S. Dep't of Justice*, No. 18-cv-02137, 2019 WL 3254230, at *7-11 (N.D. Cal. July 19, 2019). Moreover, the plain text of the IQA and HHS's guidelines govern the quality of information that agencies disseminate, rather than the decision of whether to disseminate information at all. The IQA is therefore inapplicable to the agency actions at issue in this case.

*Evidence-Based Policymaking Act.* The Evidence-Based Policymaking Act (EBPA) provides, in relevant part, that a "statistical agency or unit shall . . . produce and disseminate relevant and timely statistical information," "conduct credible and accurate statistical activities," and "conduct objective statistical activities," in accordance with OMB rules. 44 U.S.C. § 3563(a), (c). Each Defendant assessed whether it has been designated as a statistical agency or unit subject to the EBPA and its implementing regulations. Only two Defendants have been so designated—the Center for Behavioral Health Statistics and Quality, and the National Center for Health Statistics (NCHS). 89 Fed. Reg. 82453, 82455 (Oct. 11, 2024). NCHS did not modify or remove any relevant webpage to comply with EO 14168.

## II. Actions Following Individualized Review

### A. Relevant Webpages For Which Defendants Will Provide Notice of Possible Substantial Modification or Removal.

Defendants did not determine that any relevant webpage is a significant information dissemination product subject to the PRA's notice requirement. Nevertheless, for a small number of webpages, Defendants will provide notice of potential modification or removal sufficient to satisfy the statute. Defendants have not concluded that these webpages are significant information dissemination products, but are providing notice out of an abundance of caution and as a courtesy to the public. Defendants will provide notice as to the following webpages:

| Agency | Page Name | URL |
|---|---|---|
| Centers for Disease Control and Prevention | *CDC Contraceptive Guidance for Health Care Providers* | https://www.cdc.gov/contraception/hcp/contraceptive-guidance/index.html |
| Centers for Disease Control and Prevention | *U.S. MEC and U.S. SPR Provider Tools* | https://www.cdc.gov/contraception/hcp/provider-tools/index.html |
| Food and Drug Administration | *Risk Evaluation and Mitigation Strategies*[3] | https://www.fda.gov/drugs/drug-safety-and-availability/risk-evaluation-and-mitigation-strategies-rems |
| HHS Office of Civil Rights | *Protecting the Rights of Lesbian, Gay, Bisexual, Transgender, Queer, and Intersex (LGBTQI+) People* | https://www.hhs.gov/ocr/lgbtqi/index.html |

Before substantially modifying or removing these resources, Defendants will provide a notice substantially similar to the following:

---

[3] The notice provided with respect to this page will differ from the model notice provided here to reflect the fact that this page was not subject, and was not restored pursuant, to this Court's temporary restraining order.

> **NOTICE — [Month] [Day], 2025**: HHS originally restored this page pursuant to a court order. The Agency has since evaluated this page for purposes of compliance with Executive Order 14168, the Paperwork Reduction Act, the Information Quality Act, and the Foundations of Evidence-Based Policymaking Act of 2018. Based on that evaluation, the Agency is temporarily maintaining the information on this page as it existed on **[Month] [Day]**, 2025. Although HHS has not concluded that removal or modification of this website was inconsistent with any of the aforementioned statutes, HHS is temporarily maintaining this website and providing notice of anticipated changes. After a period of at least two weeks from the date of this notice, information on this page will be modified and/or removed.

### B. Other Relevant Webpages.

As to the other relevant webpages, Defendants will take lawful steps as necessary to comply with EO 14168. These steps may include modifying information, removing information, moving a webpage to archival status, removing a webpage altogether, or any other action consistent with applicable law (including, but not limited to, the PRA, the IQA, and (for designated statistical agencies) the EBPA). These steps will be taken based on Defendants' individualized review of each relevant webpage for compliance with EO 14168.[4]

[Signature on Following Page]

---

[4] Defendants will also take any necessary steps to bring each relevant webpage into compliance with EO 14151.

<div style="display: flex; justify-content: space-between;">

May 16, 2025

Respectfully submitted,
*/s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
(D.C. Bar. No. 155539)
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
PO Box 386
Washington, DC 20044-0386
(202) 353-1531
(202) 514-8742 (fax)

</div>