UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOCTORS FOR AMERICA, et al.

Plaintiffs,

v.

OFFICE OF PERSONNEL
MANAGEMENT, et al.

Defendants.

Civil Action No. 25-cv-322-JDB

**RESPONSE TO DEFENDANTS' STATUS REPORT**

In their May 16 status report, ECF 56, Defendants indicate that they plan to take down information on their websites that this Court ordered them to restore in its February 11 temporary restraining order (TRO)—websites on which physicians and other public health professionals rely to diagnose and treat patients and to protect the public. Defendants also state that they continue to disagree that they have a duty to provide notice before removing these webpages, although they identify four pages as to which they will apparently provide notice. The May 16 status report thus highlights the need for a prompt ruling on Plaintiffs' pending motion for a preliminary injunction and summary judgment, ECF 37.[1]

**A.** This case concerns webpages and datasets removed from the websites of the Department of Health and Human Services and its component agencies—pages which physicians and other

---

[1] Because the May 16 status report concerns only webpages that Defendants previously restored, Plaintiffs focus here only on those webpages. However, as Plaintiffs explained in their preliminary injunction and summary judgment briefing, they also continue to suffer irreparable harm from the removal of webpages that were never restored. *See* Pltfs. Mem., ECF 37-1 at 31–34. Those harms can only be remedied by enjoining implementation of Defendants' unlawful policy and ordering restoration of the webpages removed pursuant to that policy. *Id.* at 34, 36–37.

1

public health professionals use "in treating patients and conducting research." Mem. Op., ECF 12, at 1. On February 11, 2025, this Court entered a TRO, requiring Defendants to restore the webpages identified in plaintiff Doctors for America's (DFA's) memorandum in support of its motion for a temporary restraining order, as well as "any other resources that DFA members rely on to provide medical care and that defendants removed or substantially modified on or after January 29, 2025, without adequate notice or reasoned explanation." Order, ECF 11. In ordering the pages restored, the Court explained that DFA's "members likely have an information right at least under the PRA's notice requirement," Mem. Op., ECF 12 at 13, that the removed webpages are important and therefore "cannot be terminated without adequate notice," *id*. at 14–15, and that "DFA … thus established a substantial likelihood of success as to its PRA-notice claim," *id*. The Court further explained that DFA established "a substantial likelihood of success on the merits as to its claims that CDC, HHS, and FDA acted arbitrarily and capriciously in removing the webpages."[2] *Id.* at 16.

Defendants restored the webpages that DFA identified by the February 14, 2025, deadline set in the Court's order granting the TRO. *See* Status Report, ECF 23, ¶ 2. Plaintiffs then filed a First Amended Complaint, which added the City and County of San Francisco as a plaintiff, identified additional HHS component agencies that had removed webpages and datasets, and elaborated on Plaintiffs' claims. *See* First Amended Complaint, ECF 20. In a subsequent status report, Defendants represented that they were reviewing the webpages restored pursuant to the TRO and would restore and individually review webpages specifically identified in the amended complaint "to determine the applicability of" the PRA, the Information Quality Act (IQA), and the

---

[2] Because the Court found that Plaintiffs were likely to succeed under their other claims, it did not reach Plaintiffs' argument regarding the PRA's timely access provision. Mem. Op., ECF 12, at 13 n.2.

Evidence-Based Policymaking Act of 2018 (EBP). Joint Status Report, ECF 23 at 3. "[O]n the basis of the defendants' representations that they w[ould] maintain the relevant webpages after the expiration of the TRO and w[ould] only modify or remove relevant webpages in accordance with applicable laws," the Court concluded that "the irreparable harm that justified the Court's first TRO is no longer present." Order, ECF 26 at 2–3. The Court therefore declined to extend the TRO while preliminary injunction and summary judgment briefing proceeded. *Id.* at 3.

**B.** Defendants' May 16 status report drastically rearranges the backdrop against which this Court decided not to extend the TRO. First, Defendants reveal that they believe no law restricts them from taking down the restored webpages and that they plan to remove or alter them. *See* Status Report, ECF 56, at 2–3. That stance is wrong for the reasons stated in Plaintiffs' prior briefing and confirms the need for the Court's intervention to prevent Defendants from imposing irreparable harm on Plaintiffs. *See generally* Pltfs. Mem., ECF 37-1; Pltfs. Reply, ECF 49.

Defendants' sole justification for their action—that they are complying with an executive order regarding "gender ideology," Status Report, ECF 56 at 2; *see* Defs. Opp., ECF 48-1 at 32—does not rebut Plaintiffs' showing that removal of the webpages is arbitrary and capricious. *See* Pltfs. Mem., ECF 37-1, at 15–17; Pltfs. Reply, ECF 49, at 14–15, 18. Importantly, Defendants' status report makes plain that they intend to take down or alter webpages on which public health professionals rely, without consideration of the value of the webpages to patient health and public health. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (action is arbitrary and capricious when the agency fails to consider an "important aspect of the problem").

Second, as to notice, Defendants assert that not a single restored webpage "is a significant information dissemination product subject to the PRA's notice requirement," and thus that they

3

may take down the webpages without advance notice.[3] Status Report, ECF 56 at 4. That position contradicts this Court's finding that the removed webpages are "significant" because they "contained information and datasets that guide medical practice, are essential to groundbreaking public health research, and are key to preventing disease outbreaks." Mem. Op., ECF 12 at 15.

Disagreeing with this Court, Defendants assert that guidance from the Office of Management & Budget (OMB) provides them with unfettered discretion to determine what information dissemination products are "significant." *See* Status Report, ECF 56 at 2–3 (citing 61 Fed. Reg. 6428, 6448 (Feb. 20, 1996)). But it is the Court's interpretation of the term "significant," not Defendants', that controls. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024). And Defendants' assertion of authority is inconsistent with the plain text of the PRA, which imposes on agencies information dissemination requirements without adopting the model of unfettered discretion that Defendants advance. *See* 44 U.S.C. § 3506(d)(3) ("With respect to information dissemination, each agency *shall* … provide adequate notice when initiating, substantially modifying, or terminating significant information dissemination products." (emphasis added)); *accord* H.R. Rep. No. 104-37, at 46 (discussing the actions PRA requires that an agency "must take"). Moreover, the OMB guidance does not support their argument in any event. The OMB guidance recognizes that information dissemination products are "significant" if they "[i]nvolve expenditure of substantial funds," "[b]y reason of the nature of the information, are matters of continuing public interest," or "[b]y reason of the time value of the information, command public interest." Here, that alternative resources are prohibitively expensive (and often

---

[3] Defendants' representation that they will nonetheless provide notice before removing four specific webpages does not moot Plaintiffs' claims even with respect to those webpages. *See* Pltfs. Reply, ECF 49 at 8–9; *Reeve Aleutian Airways, Inc. v. United States*, 889 F.2d 1139, 1143 (D.C. Cir. 1989) (holding that a claim was not moot where the government's "very defense" of the basis for its conduct indicated a "possibility of recurrence" of the harmful conduct).

deficient), *see* Liou Decl., ECF 37-7 ¶ 11, suggests that Defendants expended substantial funds to develop the information that they now seek to remove from public view. Because the information on the removed webpages is uniquely useful for doctors and patients, it is a matter of continuing public interest. *See, e.g.*, Pltfs. Mem., ECF 37-1 at 19–22. And because access to the information is time-sensitive, *see id.* at 19–20 (discussing use of the webpages in time-limited doctor-patient interactions), it "command[s] public interest" "[b]y reason of [its] time value." 61 Fed. Reg. at 6448.

Defendants' refusal to provide notice before removing or modifying webpages prevents Plaintiffs from knowing if or when they will need to take on the costly task of seeking out alternative (and likely less useful) sources of information. It also undermines "[t]he purpose of the notice [requirement]," which "is to maximize the ability of the public to influence agency information plans at an early stage." H.R. Rep. No. 104-37, at 46; *cf.* 44 U.S.C. § 3506(d)(2) (requiring agencies to "solicit and consider public input on the agency's information dissemination activities").

## CONCLUSION

Because Defendants' status report reveals that they have disregarded the reasoning in the Court's TRO and that they will continue to inflict irreparable harm on Plaintiffs, the Court should act expeditiously to decide Plaintiffs' pending motion.

Dated: May 21, 2025

Respectfully submitted,
/s/ Zachary R. Shelley
Zachary R. Shelley (DC Bar No. 90021549)
Adina H. Rosenbaum (DC Bar No. 490928)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

5

zshelley@citizen.org

*Counsel for All Plaintiffs*

/s/ *David S. Louk*
David Chiu
   *San Francisco City Attorney*
Yvonne R. Meré (*pro hac vice*)
   *Chief Deputy City Attorney*
Sara J. Eisenberg (*pro hac vice*)
*Chief of Complex and Affirmative Litigation*
Julie Wilensky (*pro hac vice*)
David S. Louk (DC Bar No. 90022039)
   *Deputy City Attorneys*
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102
(415) 505-0844
david.louk@sfcityatty.org

*Counsel for Plaintiff City and County of San Francisco*