UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOCTORS FOR AMERICA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT, et al.<br><br>Defendants. | Civil Action No. 25-cv-322-JDB |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of a decision issued by the United States District Court for the District of Massachusetts in *Schiff v. U.S. Off. of Pers. Mgmt.*, No. CV 25-10595-LTS, __ F. Supp. 3d __, 2025 WL 1481997 (D. Mass. May 23, 2025), which is relevant to the Court's consideration of Plaintiffs' Motion for a Preliminary Injunction and Summary Judgment. *Schiff* reinforces the conclusion that the memorandum issued by the Office of Personnel Management (OPM) titled "Initial Guidance Regarding President Trump's Executive Order *Defending Women*" exceeded OPM's authority and that Defendants' webpage removals were arbitrary and capricious. *See* Pltfs. Mem. 11–18.

*Schiff* involves a challenge to some of the same unlawful conduct at issue in this action. There, two physicians sued OPM, the Department of Health and Human Services, and the Agency for Health Research and Quality (AHRQ) to challenge AHRQ's removal from its website of articles that the plaintiffs had authored. *See Schiff*, 2025 WL 1481997, at *1–5. The court issued a preliminary injunction requiring AHRQ to restore not only the webpages for the plaintiffs' articles but also all other webpages that had been removed from the AHRQ Patient Safety Network

1

website. *See id.* at *11–13. In doing so, the court found that the plaintiffs were likely to succeed on both their First Amendment and APA claims. *Id.* at *7–10.

With respect to OPM's memorandum—the same memorandum that is at issue in this case—the court explained "that OPM's Director acted well outside the boundaries of the power allocated to his agency by Congress and by the President when he issued the [OPM memorandum]" and thus that OPM's actions were ultra vires. *Id.* at *9. And with respect to AHRQ's removal of webpages, the court concluded that the agency's actions were arbitrary and capricious because they lacked a reasoned explanation and "that the time and manner in which" the defendants removed the webpages "belies any plausible claim that they acted in anything but an arbitrary and capricious way." *Id.* at *9–10.

As in *Schiff*, this Court should order restoration of the webpages that were removed pursuant to the OPM memorandum and Defendants' new policy.

Dated: May 27, 2025                                         Respectfully submitted,

                                                            /s/ *Zachary R. Shelley*
                                                            Zachary R. Shelley (DC Bar No. 90021549)
                                                            Adina H. Rosenbaum (DC Bar No. 490928)
                                                            Allison M. Zieve (DC Bar No. 424786)
                                                            Public Citizen Litigation Group
                                                            1600 20th Street NW
                                                            Washington, DC 20009
                                                            (202) 588-1000
                                                            zshelley@citizen.org

                                                            *Counsel for All Plaintiffs*

/s/ *David S. Louk*
David Chiu
   *San Francisco City Attorney*
Yvonne R. Meré (*pro hac vice*)
   *Chief Deputy City Attorney*
Sara J. Eisenberg (*pro hac vice*)
*Chief of Complex and Affirmative Litigation*
Julie Wilensky (*pro hac vice*)
David S. Louk (DC Bar No. 90022039)
   *Deputy City Attorneys*
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102
(415) 505-0844
david.louk@sfcityatty.org

*Counsel for Plaintiff City and County of San Francisco*