UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Doctors for America, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Office of Personnel Management, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00322-JDB |

**Defendants' First Compliance Report**

Pursuant to this Court's Order of July 2, 2025, ECF No. 59, Defendants respectfully submit this report describing the steps taken to ensure compliance with the Order.

1. The Order directed Plaintiffs to produce by July 11, 2025, "a list of all HHS defendant webpages and datasets" upon which they relied. Defendants must then "[r]estore" and/or "[r]evert" any "remov[als]" or "substantial modifications" of Plaintiffs' Identified Webpages that were undertaken "on the basis of the OPM Memo or HHS Guidance," on or after January 29, 2025.[1] *See* Order at 2.

2. On July 11, 2025, Plaintiffs provided Defendants with a list of 212 webpages and datasets. In addition to the webpages specifically identified, *see* Exhibit A, Plaintiffs also stated that where they identify "a homepage (e.g., https://www.cdc.gov/healthy-youth)," they also mean to identify "the subpages thereunder (e.g., https://www.cdc.gov/healthy-youth/communication-resources/index.html)."[2]

---

[1] Defendants assume the Court's familiarity with prior proceedings in this case. Acronyms and capitalized terms have the same meaning as in the Court's Order and/or Memorandum Opinion, *see* ECF No. 60.

[2] Email from Z. Shelley to G. Schonfeld (July 11, 2025). Defendants generally interpret "subpages" to mean webpages and other resources located at URLs that—as in Plaintiffs' example—are formed by appending additional matter to the end of the

3. Plaintiffs provided a URL for most of their Identified Webpages. For 11 of those resources, however, Plaintiffs provided only a name (e.g. "HIV Surveillance Supplemental Reports") or a description (e.g. "Portions of CDC's website that are responsible for running the CDC STI Tx app"). *See* Exhibit A. For seven designations without URLs, Defendants were unable to determine what Plaintiffs intended and sought clarification from Plaintiffs on July 18, 2025.

4. Defendants are reviewing Plaintiffs' Identified Webpages to determine (1) whether and to what extent they were modified or removed during the relevant timeframe, and, if so, (2) whether they were removed or modified "on the basis of the OPM Memo or HHS Guidance." For Identified Webpages subject to the Order, Defendants will bring them into compliance "as soon as practically possible." Order at 2.

5. As of the date of this report, Defendants are in compliance with the Order as to 67 of Plaintiffs' Identified Webpages. *See* Exhibit B. Defendants have also determined that a further six Identified Webpages are not subject to the Order because to the extent Defendants modified or removed those pages on or after January 29, 2025, they did not do so on the basis of the OPM Memo or HHS Guidance. *See id.*

6. Four defendant agencies—CMS, HHS, NIH, and SAMHSA/CBHSQ—have completed the review and compliance process as to the Identified Webpages for which they are responsible.

---

homepage URL. However, when Defendants host related files (e.g., .pdf, .doc, .xls) on their websites, those resources are frequently located under a separate URL path dedicated to "media." For purposes of compliance with the Order, if an agency webpage links directly to related files hosted by the same agency, Defendants will generally treat those related files as "subpages" of the linking page even if they are located within a different URL path. If an Identified Webpage was removed, but that removal was not on the basis of the OPM Memo or HHS Guidance, Defendants have not reviewed subpages of the removed page.

7. Both the pace at which Defendants can review Plaintiffs' Identified Webpages, and the pace at which webpages subject to the Order can practically be restored or reverted, is limited by staffing and other resource constraints, as well as by agency safeguards that require multiple layers of approval in order to modify a website. The extent of those safeguards will vary depending on the nature of the website at issue. Modifying certain databases, for example, generally requires (among other steps) that a trial update be tested multiple times to ensure stability.

July 18, 2025                                        Respectfully submitted,

                                                     */s/ Gabriel I. Schonfeld*
                                                     GABRIEL I. SCHONFELD
                                                     (D.C. Bar. No. 155539)
                                                     Trial Attorney
                                                     Civil Division
                                                     U.S. Department of Justice
                                                     950 Pennsylvania Avenue NW, Rm. 7219
                                                     Washington, DC 20530
                                                     (202) 514-3306