UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Doctors for America, *et al.*,<br><br>                        Plaintiffs,<br><br>    v.<br><br>Office of Personnel Management, *et al.*,<br><br>                        Defendants. | Case No. 1:25-cv-00322-JDB |

**Defendants' Fourth Compliance Report**

Pursuant to this Court's Order of July 2, 2025, ECF No. 59, Defendants respectfully submit this report describing the steps taken to ensure compliance with the Order.

1. Defendants are continuing to review Plaintiffs' Identified Webpages[1] to determine (1) whether and to what extent they were modified or removed on or after January 29, 2025, and, if so, (2) whether they were removed or modified on the basis of the OPM Memo or HHS Guidance. For Identified Webpages subject to the Order, Defendants will bring them into compliance as soon as practically possible.

2. Since filing their Third Compliance Report, Defendants have determined that they are in compliance with the Order as to an additional 25 Identified Webpages. *See* Exhibit A (rows highlighted in yellow). Defendants have also determined since the Third Compliance Report that an additional 2 Identified Webpages are not subject to the Order because to the extent Defendants modified or removed those pages on or after January 29, 2025, they did not do so on the basis of the OPM Memo or HHS Guidance. *See id.* (rows highlighted in blue).

---

[1] Defendants assume the Court's familiarity with prior proceedings in this case. Acronyms and capitalized terms have the same meaning as in the Court's Order of July 2, 2025, *see* ECF No. 59, and/or Memorandum Opinion, *see* ECF No. 60.

3. Defendants have also become aware that the Third Compliance Report contained conflicting entries for three URLs.[2] Each of those URLs was correctly identified in the First, Second, and Third Compliance Reports as having been brought into compliance with the Order. The Third Compliance Report, however, contained for each URL an additional entry that incorrectly identified it as not subject to the Order. *See* ECF No. 63-1 at 2-3. Those additional entries were introduced as Defendants reviewed information that Plaintiffs provided in response to a request for clarification, *see* ECF No. 63 ¶ 2, which included some duplicates of previously-designated URLs.

4. In total, as of the date of this report, Defendants have determined that they are in compliance with the Order as to 126 Identified Webpages, and that 22 Identified Webpages are not subject to the Order. *See id.*

5. Seven defendant agencies—AHRQ, CMS, FDA, HHS, HRSA, NIH, and SAMHSA/CBHSQ—have completed the review and compliance process as to the Identified Webpages for which they are responsible. HRSA has completed that process since Defendants filed their Third Compliance Report.

6. Out of Plaintiffs' 222[3] Identified Webpages there are 74 left to review, all of which belong to CDC (including NCHS). CDC's review and compliance process remains actively underway. As CDC progresses through its review and determines that additional Identified Webpages are subject to the Order, it will bring them into compliance on a rolling basis.

7. Both the pace at which Defendants can review Plaintiffs' Identified Webpages, and the pace at which webpages subject to the Order can practically be restored or reverted, is limited by staffing and other resource constraints, as well as by agency

---

[2] The three URLS are https://www.cdc.gov/hiv-data/nhss/index.html; https://www.cdc.gov/hiv-data/nhss/hiv-diagnoses-deaths-prevalence.html; and https://www.cdc.gov/hiv-data/nhss/estimated-hiv-incidence-and-prevalence.html.

[3] The Third Compliance Report stated that Plaintiffs had identified 225 webpages. *See* ECF No. 63 ¶ 2. Three of those webpages, however, were duplicate URLs. *See supra* ¶ 3.

safeguards that require multiple layers of approval in order to modify a website. The extent of those safeguards will vary depending on the nature of the website at issue. Modifying certain databases, for example, generally requires (among other steps) that a trial update be tested multiple times to ensure stability.

August 8, 2025                                               Respectfully submitted,

*/s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
(D.C. Bar. No. 155539)
Trial Attorney
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW, Rm. 7219
Washington, DC 20530
(202) 514-3306

3